GARRY L. MONTANARI, State Bar No. 89790
WESLEY S. WENIG, State Bar No. 162351
MICHAELIS, MONTANARI & JOHNSON, P.C.
4333 Park Terrace Dr. #100
Westlake Village, CA 91361
Telephone No.:  (818) 865-0444
Email: gmontanari@mmjlaw.net; wswenig@mmjlaw.net
Attorneys for Plaintiff,
HAWAIIAN AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAWAIIAN AIRLINES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA; and DOES 1-20, Inclusive, <br><br> Defendants. <br> _____ | Case No.: <br><br> **COMPLAINT FOR INDEMNITY AND DECLARATORY RELIEF** |

Plaintiff HAWAIIAN AIRLINES, INC. (hereinafter "Plaintiff" or "HAWAIIAN AIRLINES") alleges:

1.  Plaintiff HAWAIIAN AIRLINES is and was at all times mentioned herein a corporation incorporated under the laws of the State of Delaware having its principal place of business in the State of Hawaii.

2.  Defendant UNITED STATES OF AMERICA (hereinafter "UNITED STATES") operates the United States Department of Transportation ("USDOT"), a cabinet level executive department of the United States federal government. The FEDERAL AVIATION ADMINISTRATION ("FAA") is a United States federal government agency within the USDOT. Its powers include providing air traffic

control services, including ground control for the movement of aircraft at airports. The Federal Tort Claims Act, 28 U.S.C. sections 1346(b) and 2671 et seq., waives sovereign immunity of the UNITED STATES for tort suits for negligence arising out of the acts or omissions of the FAA and its employees.

3. The true names and capacities, whether individual corporate, associate or otherwise of Defendants, DOES 1 through 20 are unknown to Plaintiff who, therefore, name said Defendants by such fictitious names and Plaintiff will ask leave of Court to amend the complaint to show the true names and capacities of such fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believe, and based upon such information and belief allege that each Defendant designated as a DOE is responsible under law in some manner for the events and happenings referred to herein.

4. At all times herein mentioned, each Defendant was acting as an agent, servant, employee, special employee, alter ego, successor in interest, partner, joint venturer, lessee and licensee of each of the other Defendants, within the course and scope of said relationship. In addition, each Defendant authorized, ratified and approved the acts of each of the other Defendants.

5. The jurisdiction of this Court over the subject matter of this action is predicated on the Federal Tort Claims Act, 28 U.S.C. sections 1346(b) and 2671, et seq.

6. An administrative claim for damage, injury or death arising out of the facts set forth in this complaint was submitted to the FAA in accordance with the requirements of the Federal Tort Claims Act. The FAA denied Plaintiff's administrative tort claim on December 12, 2023. The letter denying Plaintiff's administrative tort claim constituted the notice of final determination as required by 28 U.S.C. section 2401(b).

7. This action is timely pursuant to 28 U.S.C. section 2401(b) in that it was presented by claim to the appropriate federal agency within two years of accrual of

1  this action and this action was filed within six months of receipt of the letter sent by
2  the federal agency denying the claim.

3      8.    Venue is proper in the United States District Court for the Northern
4  District of California pursuant to 28 U.S.C. sections 1391(b) and 1391(c) because
5  Plaintiff's claim arose in this district and Defendant does business in this district.

## FACTUAL ALLEGATIONS

7      9.    On July 21, 2021, at approximately 11:00 p.m., at the Oakland
8  International Airport ("OAK") HAWAIIAN AIRLINES maintenance personnel
9  contacted the OAK Operations Manager to obtain clearance to conduct an engine run-
10 up on a HAWAIIAN AIRLINES aircraft. Due to ongoing construction to the Ground
11 Run-Up Enclosure, OAK's Operations Manager instructed HAWAIIAN AIRLINES
12 maintenance personnel to go to Taxiway B and W to conduct the engine run-up.

13     10.    After receiving that instruction, HAWAIIAN AIRLINES maintenance
14 personnel arranged for the HAWAIIAN AIRLINES aircraft to be towed from Tango
15 2 (T2) remote parking onto Taxiway T, and then from there to Taxiway W. Once this
16 was set up, HAWAIIAN AIRLINES maintenance contacted OAK's Operations
17 Manager and confirmed the plan; OAK's Operations Manager asked that
18 HAWAIIAN AIRLINES maintenance contact him again when the HAWAIIAN
19 AIRLINES aircraft was hooked up and ready to be towed. HAWAIIAN AIRLINES
20 maintenance did so and was directed by OAK's Operations Manager to contact
21 OAK's FAA ground control to confirm the location at which HAWAIIAN AIRLINES
22 would perform the engine run-up.

23     11.    HAWAIIAN AIRLINES maintenance then contacted FAA ground
24 control and spoke to a controller with the initials "KO" to advise that HAWAIIAN
25 AIRLINES was ready to push back from T2 to Taxiway T. FAA controller KO then
26 directed HAWAIIAN AIRLINES to remain in place and perform the engine run-up
27 at T2 remote parking spot. HAWAIIAN AIRLINES maintenance inquired as to
28 whether it should disconnect the HAWAIIAN AIRLINES aircraft from the tug as they

had just connected to relocate to Taxiway W. FAA controller KO confirmed that HAWAIIAN AIRLINES should disconnect from the tug and remain at T2 remote parking spot to conduct the engine run-up. The tug was disconnected and HAWAIIAN AIRLINES maintenance proceeded to conduct the engine run-up at T2.

12. Once the engine run-up was completed, OAK Airfield Safety arrived at the HAWAIIAN AIRLINES aircraft and inquired why the engine run-up was being conducted at T2 remote parking spot. HAWAIIAN AIRLINES maintenance responded that HAWAIIAN AIRLINES was directed to do so by FAA ground control. HAWAIIAN AIRLINES maintenance was then advised that as a result of the engine run-up, debris and a set of stairs was blown into an Alaska Airlines Airbus A320-200 aircraft, N364VA, which was parked in storage at Stadium Remote Sierra 3, approximately 500 feet behind the rear of the HAWAIIAN AIRLINES aircraft.

13. OAK Airfield Safety then spoke with FAA controller KO over the radio, and FAA controller KO confirmed giving HAWAIIAN AIRLINES clearance to conduct the engine run-up at T2 remote parking spot. FAA controller KO contacted HAWAIIAN AIRLINES maintenance and admitted that FAA controller KO should not have given permission for the high power run-up at T2.

14. Alaska Airlines is seeking recovery of property damage and loss of use of its aircraft in the amount of $6,275,368.51 and has made demand for payment to HAWAIIAN AIRLINES whose maintenance employee was following the instructions of FAA controller KO as to the location of the run-up.

## FIRST CAUSE OF ACTION
### (Equitable Indemnity As to All Defendants)

15. Plaintiff hereby incorporates by reference, as though fully set out herein, paragraphs 1-14 of this complaint.

16. Defendant UNITED STATES, through FAA controller KO, owed a duty to HAWAIIAN AIRLINES to prevent a collision between aircraft operating in the system at OAK and to organize and expedite the flow of traffic. This includes, but is

not limited to, being familiar with and staying aware of procedures and phraseology that pertain to their operational responsibilities, procedural Letters of Agreement, air traffic control service, and providing service based on observed and known traffic and airport conditions to ensure the safe, orderly, and expeditious flow of traffic in the airspace and movement areas allocated to the FAA facility.

17. Defendant UNITED STATES, through FAA controller KO, breached its duty to HAWAIIAN AIRLINES by failing to approve the request of HAWAIIAN AIRLINES to conduct the engine run-up in the movement area of Taxiway W. FAA controller KO confirmed that the location of the HAWAIIAN AIRLINES aircraft was on the T2 remote parking non-movement area. FAA controller KO approved the engine run-up of the HAWAIIAN AIRLINES aircraft on T2 even after the HAWAIIAN AIRLINES mechanic questioned if it was approved. The failure of FAA controller KO to comply with the FAA procedures and the Letter of Agreement with OAK, which are specifically designed to prevent this kind of incident, and total lack of concern for the safety of other aircraft in non-movement areas, resulted in the property damage to the Alaska Airlines aircraft and the monetary damages in the amount of $6,275,368.51 Alaska Airlines is demanding from HAWAIIAN AIRLINES as a result of the negligence of the UNITED STATES.

18. If HAWAIIAN AIRLINES is found liable to Alaska Airlines for the damages it is alleging arising out of the property damage to its aircraft, said liability would be based solely on the active, affirmative, and primary negligence and acts or omissions of the UNITED STATES. Any fault of HAWAIIAN AIRLINES, which fault it specifically denies, would be secondary and passive only.

19. The UNITED STATES is thus obligated to indemnify HAWAIIAN AIRLINES for any and all liability that HAWAIIAN AIRLINES may incur to Alaska Airlines and HAWAIIAN AIRLINES is entitled to reimbursement from the UNITED STATES for any and all expenditures or liabilities that HAWAIIAN AIRLINES may incur in payment for any settlement or judgment or in defense of any action.

20. Under principles of equity, comparative fault and contribution, HAWAIIAN AIRLINES is entitled to reimbursement from the UNITED STATES for any liability that HAWAIIAN AIRLINES sustains by way of settlement, verdict or judgment, to the extent that such liability exceeds the percentage of fault, if any, attributable to HAWAIIAN AIRLINES.

## SECOND CAUSE OF ACTION

**(Equitable Apportionment Of Fault As To All Defendants)**

21. Plaintiff hereby incorporates by reference, as though fully set out herein, paragraphs 1-20 of this complaint.

22. HAWAIIAN AIRLINES requests this Court to determine the extent to which each Defendant or other party in this action proximately caused or contributed to Alaska Airlines' alleged losses, damages or injuries, if any, and to assess each such party with liability equal to that proportion of fault.

## THIRD CAUSE OF ACTION

**(Contribution As To All Defendants)**

23. Plaintiff hereby incorporates by reference, as though fully set out herein, paragraphs 1-22 of this complaint.

24. HAWAIIAN AIRLINES is in no way legally responsible for the loss, damage or injury claimed by Alaska Airlines. However, if HAWAIIAN AIRLINES is held liable for any such claims, HAWAIIAN AIRLINES requests that each Defendant be held liable and be ordered to reimburse HAWAIIAN AIRLINES to the extent of the liability fairly attributable to that Defendant.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief As To All Defendants)**

25. Plaintiff hereby incorporates by reference, as though fully set out herein, paragraphs 1-24 of this complaint.

/ / /

/ / /

26. HAWAIIAN AIRLINES is entitled to a judicial declaration to the effect that Defendants are obligated to defend and indemnify HAWAIIAN AIRLINES with respect to the alleged liabilities.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a declaration that Defendants, and each of them, are liable to HAWAIIAN AIRLINES for any damages that HAWAIIAN AIRLINES may be caused to pay to Alaska Airlines by reason of any judgment, settlement, or otherwise, in satisfaction of the claim of Alaska Airlines

2. For a declaration that the Defendants are liable to defend and indemnify HAWAIIAN AIRLINES with respect to all claims against HAWAIIAN AIRLINES by Alaska Airlines as set forth in the complaint.

3. For Judgment against Defendants, and each of them, in an amount equal to the amount of any settlement or judgment obtained by Alaska Airlines against HAWAIIAN AIRLINES, or such portion thereof for which Defendants are liable;

4. For costs of defense incurred by HAWAIIAN AIRLINES in defending the allegations of Alaska Airlines, including costs of suit incurred herein, court costs, reasonable attorneys' fees where provided by contract or statute, and other expenses of preparation and investigation; and

5. For such other further relief as the Court may deem just and proper.

DATED: June 11, 2024                         MICHAELIS, MONTANARI & JOHNSON

By: /s/ Garry L. Montanari
GARRY L. MONTANARI
Attorneys for Plaintiff
HAWAIIAN AIRLINES, INC.

N:\23504\pld\p-complaint.1a.wpd